IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

                **Plaintiff,**

v.                                   1:06-cv-2916-WSD

DAKOTA ENTERPRISES, INC.
d/b/a SUBWAY

                **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Kenneth G. Paul's Motion to Intervene as Plaintiff. ("Mot. to Intervene [4].)

**I.    BACKGROUND**

On November 30, 2006, the Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant under the Americans with Disabilities Act ("ADA"). The EEOC alleges that Defendant refused to allow one of its employees, Kenneth Paul, to return to work following a medical leave of absence and terminated him because it perceived him as disabled in violation of the ADA. On December 11, 2006, Mr. Paul filed this Motion to Intervene. He states that Plaintiff advised him that it must represent the public interest, which may not

necessarily be the same as his interests.  Paul argues that he should be permitted to intervene in the litigation because he should have the opportunity to litigate his damages to the fullest extent.  Neither party has responded to the motion, and pursuant to Rule 7.1(B) of the Local Rules of the Court, the motion is deemed unopposed.  See L.R. 7.1(B), N.D.Ga.

## II.    DISCUSSION

Rule 24(a) of the Federal Rules of Civil Procedure allows a person to timely intervene in pending federal litigation as a matter of right:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).  Here, Paul timely filed this motion to intervene at the very outset of this litigation.  Paul has an interest in the subject matter of the litigation because he is the aggrieved party, and it was Paul's charge of discrimination that resulted in the EEOC's investigation and subsequent filing suit in this matter.  Paul has also shown that his interests may not be adequately protected by the EEOC.  The Court thus finds that the disposition of this action

may impair or impede Mr. Paul's ability to protect his interest in the litigation and that his interests are not adequately represented by existing parties, and considering the motion is unopposed,

**IT IS HEREBY ORDERED** that Kenneth G. Paul's Motion to Intervene [4] is hereby **GRANTED**.  The Clerk of Court is **DIRECTED** to add Kenneth G. Paul as a party Plaintiff in this action.

**SO ORDERED** this 6th day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE